Mohammed Jafar **ULLAH**, Shaheen Akhter, Jahed Mohammed Jafarullah, Fahad Mohammed Jafarullah, Mamtaz Begum, Petitioners,

v.

Michael B. **MUKASEY**, United States Attorney General, Respondent.

No. 08–1246–ag.

United States Court of Appeals, Second Circuit.

July 23, 2008.

Meer M.M. Rahman, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General; Ernesto H. Molina, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners Mohammed Jafar Ullah, Shaheen Akhter, Jahed Mohammed Jafarullah, Fahad Mohammed Jafarullah, and Mamtaz Begum, natives and citizens of Bangladesh, seek review of the February 19, 2008 order of the BIA denying their motion to reopen. *In re Mohammed Jafar Ullah, Shaheen Akhter, Jahed Mohammed Jafarullah, Fahad Mohammed Jafarullah, Mamtaz Begum,* Nos. A73 568 954, A76 245 807, A76 245 808, A76 245 967, A76 245 968 (B.I.A. Feb. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). A movant's failure to establish a *prima facie* case for the underlying substantive relief sought is a proper ground on which the

BIA may deny a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Here, the BIA did not abuse its discretion in denying the petitioners' motion to reopen because it reasonably found that they failed to establish *prima facie* eligibility for relief.[1] As the BIA correctly found, the evidence that petitioners submitted merely demonstrates general political unrest and ongoing violence in Bangladesh, which cannot form the basis for an asylum claim. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 n. 3 (2d Cir.1999) ("General violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution"). Moreover, in finding that the petitioners failed to establish *prima facie* eligibility for relief, the BIA reasonably relied, in part, on the IJ's underlying adverse credibility determination, which the petitioners did not rebut in their motion to reopen. *See Kaur,* 413 F.3d at 234 (holding that the BIA does not abuse its discretion by denying a motion to reopen or rejecting the authenticity of an alien's documentary evidence submitted in support of such a motion where the alien does not rebut the IJ's related underlying adverse credibility finding). Because the BIA reasonably found that petitioners failed to demonstrate *prima facie* eligibility for relief, it did not abuse its discretion in denying their motion to reopen. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. We note that, because they fail to raise the issue adequately in their brief, petitioners waive any challenge to the BIA's finding that they failed to establish *prima facie* eligibility for relief under the Convention Against Torture. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).